Heney G. Smith, J.,
delivered the opinion of the Court.
*492 This is an original attachment at law, bj Freidlander & Co. vs. Pollock & Co., in the Law Court of Memphis.
The defendants by plea, put in issue the two grounds of attachment laid in the affidavit, that the defendants have removed, or are about to remove, their property out of the State. The plea went to jury; verdict for defendants, and judgment; from which, an appeal in error, here.
The judgment must be reversed; and the cause sent back for new trial:
1st, Upon the issue to the ground of attachment laid, that “the defendant is about to remove his property out of the State,” it was competent testimony to prove that the defendant removed his property out of the State soon after the suing out of the attachment. It was error to exclude such testimony. It tended to prove the truth of the ground of attachment alleged.
2d, Upon that issue, are involved two principal elements: 1st, The removal — what constitutes a removal? 2d, The property — what amount of property will meet the requirement of the issue?
It is not a removal, the mere taking the property out of the State for a temporary purpose; as in the case of Mason vs. Lyons, where the steamboat was shown to be taken out and brought back in the regular course of her employment as a packet upon her established line of travel. The principle on which that case can stand, is, that the going and returning of the steamer on her regular trips, was not such removal out *493 of the State as the statute of attachments contemplates, and exacts.
As to the property — the issue is, that “the defendant is about to remove his property out of the State.” .His property — how much, how little, will sustain the issue? Clearly, the issue does not exact the removal of all his property; nor will it be fulfilled, by the removal of an unimportant amount of his property. Unimportant is to be defined in a relative sense; unimportant with relation to the bulk of the debtor’s properties; or, unimportant with relation to the condition of his estate, in respect of its solvency, and the proportion or relation of its liabilities to its amount or value. The issue is not met by the debtor, by showing that he retains in the State an amount of properties, adequate in value to the attaching demand. It may be equal in value to that one debt, but fall short greatly of the value adequate to the claims upon it for his debts generally. A very poor security 'for a debt, is the holding or retaining of property by the debtor equal in value to the debt, when there are additional creditors ready and capable of swallowing many times the value of the property retained.
It is not possible to define by precise words, the amount of property removed, or about to be removed, which will bring the debtors within the scope of the statute. It need not be all his property, nor will a comparative little suffice. It must be an amount, of substantial consequence in reference to the ability of his estate to bear honestly, the withdrawal of the amount *494 away from his liability, in the domestic court, to his creditors.
Of course, to sustain the issue of about to remove, it is not necessary to show the actual removal of any.
It is not necessary to sustain the issue of has removed, or is about to remove, to show that the debtor has done, or is about to do this, of any dishonest or fraudulent, or injurious purpose towards the attaching or any other creditor. The statute does not make fraud, or dishonesty, or intentional injury to the attaching or any creditor, an element of the issue, has removed, or is about to remove. The removal, or the being about to remove, is one element, and the property is another, and these two being shown, maintains the issue. Design, purpose, honesty, fraud, amount, value, solvency, insolvency, debts, etc., etc., etc., may be with many more that might be conjectured, circumstances proper or useful to be put in testimony, according to the exigencies of the particular case. But it is not essential, that fraud or injury to the creditor, or to any creditor, enter into the removal, or purpose to remove, in order to give the creditor his attachment.
The charge of the Judge of the inferior Court, in some particulars not conforming to the foregoing principles, is, for that reason, erroneous.
3d, It is not error, the refusal of the Court, to give judgment in personam, when the issue upon the ground of attachment, the has removed, or is about to remove, or other ground, is found in favor of the defendant, upon plea raising such issue. The putting *495 in issue tbe ground of attachment, by proper plea, does not so bring the defendant into Court, or constitute such appearance, as will subject him, against his consent, to a judgment upon the cause of action, against him in personam. If the substance of such plea be properly stated, the form of the beginning, or end of the plea, is not material in this aspect. So the Code declares.
4th, It was error, the refusal to strike out the plea in abatement of the defendant, for the reason assigned, that it was not verified by affidavit. The plea was verified by the signature of the defendant, at the foot of the plea, and to that the Clerk of the Court added: “Subscribed and sworn to before me, this 27th day of April, A. D., 1866. John Donovan, Clerk.” Prior to the Code, the law was, Act 1794, ch. 1, sec. 26, that no ple& in abatement should be received in any Court, unless the party offering the same, shall, by affidavit, or otherwise, prove the truth of such plea. The Code changes the phraseology, and says, (sec. 2901,) “No plea in abatement shall be received in any Court, unless its truth is verified by the oath of the party, or otherwise.” An oath may be oral or written. An affidavit is a written oath.
Rut notwithstanding the change of phraseology, it is not to be supposed that any change of substance was intended to be made. Pleas in abatement are not favored. They are strictly construed, and strictly dealt with. Intendments are not allowed to supply defects. The settled practice of the State has been, that *496 pleas in abatement must be verified by written oath, and that by positive form of statement. A statement of tbe information and belief of the affiant, will not suffice. If the plea be not properly verified, it may be treated as a nullity, and be struck out on motion. Such motion was made in this case and overruled, and this was error.
Possibly we might be induced to hold sufficient the verification of the plea made in the present case, were it an original question with us, upon the language of the Code, sec. 2901. But the practice has been settled by this Court heretofore, and wé are not disposed to depart from it.
5th, The application of the defendants to remove the cause, under the Act of Congress, into the Federal Court, was not such appearance as debarred them of the right to put in issue, the grounds of the attachment, by proper pleading.
Reverse the judgment, and remand to the Law Court, for proceedings conforming to the rulings herein set forth.